UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROBERT SILLS, SR.,

        Plaintiff,

vs.                               Case No.  5:10-cv-204-Oc-29GRJ

MARION COUNTY JAIL,

        Defendant.
_____

**ORDER OF DISMISSAL**

**I.**

This matter comes before the Court upon review of the file. Robert Sills, a *pro se* plaintiff, initiated this action while incarcerated in the Marion County Jail, by filing a Civil Rights Complaint Form (Doc. #1, Complaint) pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. See Doc. #2.

**II.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), the Court is required to review all actions or appeals to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." Section 1915(e)(2)(ii) is identical to the screening language of § 1915A. A case is deemed frivolous where the complaint lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1349

(11th Cir. 2002); <u>Bilal v. Driver</u>, 251 F.3d 1346 (11th Cir. 2001).

Frivolous claims are those that describe "fantastic or delusional

scenarios."  <u>Bilal</u>, 251 F.3d at 1349.

The standard governing Federal Rule of Civil Procedure

12(b)(6) dismissals apply to dismissals under § 1915(e)(2)(ii).

<u>Alba v. Montford</u>, 517 F.3d 1249, 1252 (11th Cir. 2008); <u>Mitchell v.

Carcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997).  Thus, a complaint

is subject to dismissal for failure to state a claim if the facts

as plead do not state a claim for relief that is plausible on its

face.  <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1968-69

(2007)(abrogating <u>Conley v. Gibson</u>, 355 U.S. 41 (1957)).

Additionally, the Court may dismiss a case when the allegations in

the complaint on their face demonstrate that an affirmative defense

bars recovery of the claim.  <u>Marsh v. Butler County, Ala.</u>, 268 F.3d

1014, 1022 (11th Cir. 2001).  In reviewing a complaint, however,

the courts must apply the long established rule that *pro se*

complaints are to be liberally construed and held to a less

stringent standard than pleadings drafted by attorneys.  <u>Erickson

v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007).

## III.

Title 42 U.S.C. § 1983 imposes liability on anyone who, under

color of state law, deprives a person "of any rights, privileges,

or immunities secured by the Constitution and laws."  To state a

claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) Defendants

deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11th Cir. 1998); <u>U.S. Steel, LLC v. Tieco, Inc.</u>, 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, Plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. <u>Marsh</u>, 268 F.3d at 1059; <u>Swint v. City of Wadley</u>, 51 F.3d 988 (11th Cir. 1995); <u>Tittle v. Jefferson County Comm'n</u>, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

**IV.**

The Court finds this action subject to dismissal under § 1915(e)(2)(B)(i)-(ii). Initially the Court notes that the only defendant Plaintiff sues is the Marion County Jail. <u>See</u> Complaint at 1. Under the "Statement of Claim" section on the Complaint, Plaintiff writes:

> 1) Due Process of Law?
> 2) Jail will not notarize civil actions on a timely bas[i]s? or not at all?
> 3) Will not fill out affidavit certificate?
> 4) Stop[]in[g] [a]c[c]ess to courts?

<u>Id.</u> at 8. Under the "Statement of Facts" section of the Complaint, Plaintiff, in pertinent part, claims that his "law papers" were not properly "filled out" for the courts resulting in a "longer stay in jail" and loss of money. <u>Id.</u> at 8. As relief, Plaintiff seeks to change jail policies, "fire some people at the jail," and monetary damages totaling two trillion dollars. <u>Id.</u> at 10.

Federal Rule of Civil Procedure 8(a) requires that pleadings include a short and plain statement of facts showing that the pleader is entitled to relief. See Fed. R. Civ. P. 8(a)(1)-(2). The Complaint *sub judice* contains no factual support for Plaintiff's claims and violates the basic pleading requirements set forth in Fed. R. Civ. P. 8.

Additionally, the Complaint does not satisfy the pleading requirements of § 1983. Plaintiff should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. Fullman v. Graddick, 739 F.2d 553, 556-7 (11th Cir. 1984). To the extent Plaintiff is attempting to state a procedural due process claim, he must allege the following three elements: (1) a deprivation of a constitutionallyy-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process. Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003)(citations omitted). The Complaint does not contain facts supporting any of these three requisite elements.

The Court recognizes that Plaintiff has a constitutionally protected interest in his access to the court. Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Bounds v. Smith, 430 U.S. 817, 825 (1977). A plaintiff who alleges a denial of access to court claim, however, must show how the interference caused the plaintiff harm or prejudice with respect to

the litigation.  <u>Lewis v. Casey</u>, 518 U.S. 343, 349-351 (1996).
"The injury requirement is not satisfied by just any type of
frustrated legal claim."  <u>Id.</u> at 354.  For example, a plaintiff
must show that the denial of access to court prejudiced him in a
criminal appeal, post-conviction matter, or in a civil rights
action under 42 U.S.C. § 1983 "to vindicate 'basic constitutional
rights.'"  <u>Id.</u> (quoting <u>Wolff v. McDonnell</u>, 418 U.S. 539, 579
(1974)).  Moreover, a plaintiff cannot establish injury unless the
case that plaintiff was unable to pursue had arguable merit.
<u>Lewis</u>, 581 U.S. at 353.  Here, the Complaint does not contain any
facts supporting a denial of Plaintiff's right of access to the
courts.  To the contrary, in May 2010 a Pacer search reveals that
Plaintiff has initiated approximately six other civil rights cases
in the Middle District of Florida.  <u>See</u> 5:10-cv-205, 5:10-cv-206,
5:10-cv-207, 5:10-cv-208, 5:10-cv-193, 5:10-cv-195.

In fact, Plaintiff failed to identify these other actions on
the civil rights complaint form.  In particular, Section IV, B,
asks plaintiffs whether they have "initiated other lawsuits in
federal court dealing with the same or similar facts involved in
this action **or otherwise relating to your imprisonment or
conditions thereof**"?  Complaint at 5 (emphasis added).  Following
this question are parenthetical areas where the plaintiffs may
check in response "yes" or "no."  <u>Id.</u>  Thereafter, on the form, are
spaces for  plaintiffs to further describe each lawsuit, including

*inter alia*, identifying the defendants, docket numbers, and whether the case(s) remain pending or dismissed.  <u>Id.</u> at 5, Section C.  In the Complaint *sub judice*, Plaintiff checked "no."    <u>Id.</u> Additionally, under the section asking Plaintiff to describe actions he previously initiated in federal court, Plaintiff left the section blank.  <u>Id.</u>  Following the declaration "under penalty of perjury that the foregoing is true and correct," Plaintiff signed his name.  <u>Id.</u> at 10.

As listed above, Plaintiff initiated two other § 1983 actions before filing the case *sub judice*.  The Courts have the authority to manage matters pending before them.  This Court refuses to tolerate false responses or incomplete statements in any pleading or motion filed for consideration by the Court.  The quality of justice is threatened when the Court cannot rely on statements submitted by parties.  Plaintiff has provided both false and incomplete responses on the Complaint *sub judice*.  <u>See</u> Complaint at 5.  The Court finds Plaintiff's failure to provide truthful responses on the Complaint is an abuse of the judicial process.

In particular, Plaintiff's false answers on the complaint form effect the Court's ability to properly review the complaint under the Prison Litigation Reform Act ("PLRA").  <u>See</u> <u>generally</u> 28 U.S.C. § 1915.  In part, the PLRA prohibits a prisoner from filing a § 1983 action and proceeding *in forma pauperis*, if on 3 or more prior occasions the prisoner filed an action or appeal that was dismissed

on grounds that it was frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  Essentially, § 1915, known as the "Three Strikes Rule" only permits a prisoner to file "three meritless suits at the reduced rate."  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).  Indeed, the United States Court of Appeals for the Eleventh Circuit found that a district court did not error by counting as one strike a dismissal of a complaint when a plaintiff committed perjury on the complaint form in response to the question of the existence of prior lawsuits filed.  Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), abrogated on other grounds Jones v. Bock, 127 S.Ct. 910 (2007).  Specifically, the Eleventh Circuit noted that "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned in drafting section 1915(g)." Id.  For these reasons, the Court *sua sponte* dismisses Plaintiff's Complaint without prejudice.

ACCORDINGLY, it is hereby

ORDERED:

1.  The Complaint (Doc. #1) is **DISMISSED without prejudice** pursuant to § 1915 for the reasons herein.

2.  Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. #2) is **DENIED.**

3.     The Clerk of Court shall terminate any pending motions/deadlines, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___13th___ day of June, 2010.


_____
JOHN E. STEELE
United States District Judge


SA: alj
Copies: All Parties of Record